IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON | § | |
| VS. | § | CIVIL ACTION NO.   1:22-CV-178 |
| ROBERT JOSEPH MARTINSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Geno Martinson, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Robert Joseph Martinson.  The plaintiff has not paid the filing fee.  Therefore, it appears that he is seeking leave to proceed *in forma pauperis*.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

The plaintiff states that the defendant was visiting him in Liberty County, Texas in May of 2020.  The plaintiff alleges the defendant hit him in the head several times, causing the plaintiff to lose consciousness.  When the plaintiff regained consciousness eight hours later, he was in a parking lot several miles form his residence.  The plaintiff was taken to a hospital for treatment.  When he returned to his residence, the plaintiff discovered that the defendant had stolen the plaintiff's property, valued in excess of $25,000.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S.C. 375, 377 (1994). The court has original jurisdiction if there is a federal

question arising under the Constitution, laws, or treaties of the United States or if there is diversity among the parties.  28 U.S.C. §§ 1331-32.  The court must presume that the action lies outside the scope of its limited jurisdiction, and, to rebut the presumption, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377.

The plaintiff's claims that the defendant assaulted him and stole money from him may present tort claims under state law, but they do not present a federal question.  Nor has the plaintiff alleged facts demonstrating that there is diversity jurisdiction.  Because the plaintiff has failed to allege any facts from which this court could conclude it has subject matter jurisdiction, this action should be dismissed.

<u>Recommendation</u>

This civil rights action should be dismissed.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 9th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge

4